IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER LEE COMPTON, JR., ) | |
|     Petitioner, ) | |
| ) | Case No. 7:21-cv-524 |
| v. ) | |
| ) | By:    Michael F. Urbanski |
| HAROLD CLARKE, ) | Chief United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner Roger Lee Compton Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging wrongful conviction and ineffective assistance of counsel. Respondent Harold Clarke, Director of the Virginia Department of Corrections (VDOC), has filed a motion to dismiss, ECF No. 13. For the reasons explained herein, the court **GRANTS** respondent's motion to dismiss and dismisses the habeas petition.

**I. Factual Background**

Petitioner is currently detained by the VDOC after the Pittsylvania Circuit Court revoked his previously suspended sentences for a variety of offenses. In October 2014, petitioner was sentenced to a total of six years and twelve months in prison for possession of cocaine, possession of oxycodone, and possession of hydrocodone, with all but six months suspended and two years of supervised probation. In April 2016, defendant was sentenced to four years with all but one year and four months suspended, with three years of supervised probation, for grand larceny. In June 2018, the court found petitioner in violation of his probation for all four convictions, revoked the balance of his sentence, and resuspended all

1

but two months with twenty-four months of supervised probation. Then in April 2019, petitioner violated the terms of his probation again, and the circuit court revoked the balance of his sentences but resuspended all but five months. In May 2021, he was found to have violated his probation again. The court revoked his prior sentences, resuspended all but one year and six months, and extended his supervised probation by two years.

Petitioner appealed the May 2021 revocation to the Virginia Court of Appeals, Compton v. Commonwealth, No. 0751-21-3 (Va. App. Ct. Nov. 17, 2021), ECF No. 13-6, which the court denied. He did not appeal the decision to the Supreme Court of Virginia. On October 8, 2021, pursuant to 28 U.S.C. § 2254, Compton filed a federal petition for writ of habeas corpus alleging wrongful conviction and ineffective assistance of counsel.

## II. Limitations on Habeas Review

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal district court reviewing a § 2254 petition is limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state grounds. The procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991).

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner

must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. Duncan v. Henry, 513 U.S. 364, 365–66 (1995); Kasi v. Angelone, 300 F.3d 487, 501–02 (4th Cir. 2002). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. at 732.

A separate but closely related issue is the doctrine of procedural default. If a state court has clearly and explicitly denied a petitioner's claim based on a state procedural rule that provides an independent and adequate ground for the state court's decision, that claim is also procedurally defaulted for purposes of federal habeas review. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263–64 (4th Cir. 1998). If a claim that has not been presented to the highest state court on the merits and would be procedurally barred as untimely or successive if the petitioner tried to present the issue to the state court now, courts consider it simultaneously exhausted and defaulted. Coleman, 501 U.S. at 731–32.

Before a federal habeas court will consider a procedurally defaulted claim, the petitioner must show both cause for the default and actual prejudice from the claimed federal violation. Id. at 750. Cause for procedural default requires the existence of some objective factor, external to the defense and not attributable to the prisoner. Id. at 756–57. To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to

his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

### III. Wrongful Conviction

In his petition, petitioner disputes his June 2018[1], April 2019, and May 2021 revocations as "wrongful convictions." He alleges that the June 2018 violation was due to "a female changing his probation appointment," that his April 2019 violation was for "being taken out of [his] motel room unresponsive and charge[d] with public intoxication[,] then held in jail and found guilty in [his] absence," and that his May 2021 revocation resulted from his "being forced by intimidation to plea to unlawful charges." Habeas Pet., ECF No. 1.

#### A. 2018 and 2019 Revocation Orders

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] While petitioner references a February 2018 revocation, no such revocation is in the record. The facts of his petition suggest that he intends to challenge the June 2018 revocation. See Habeas Pet., ECF No. 1, at 7;

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsection A is the only provision applicable to Compton's case, as he has not alleged any facts to support application of subsections B, C, or D. Therefore, the court must determine the date on which Compton's judgment became final to determine when the one-year statute of limitations began running and when it ended. For the 2018 revocation, the state circuit court entered a final judgment on June 8, 2018. Pursuant to Virginia law, Compton had 30 days from that date to appeal the judgment. Rule 5A:6, Rules of Sup. Ct. That date, July 9, 2018[2], is when the one-year federal habeas statute of limitations began to run. The federal time limit for filing his § 2254 petition expired on July 9, 2020. For the 2019 revocation, the state court entered its final judgment on April 25, 2019. Compton had until May 27, 2019[3] to appeal the state court's order, and then had until May 27, 2020, to file a habeas petition. Compton's petition with regard to the two revocations was not timely filed.

There are three possible ways for a petitioner to avoid the effect of the statute of limitations: statutory tolling, equitable tolling, or actual innocence. Statutory tolling occurs when 28 U.S.C. § 2244(d)(2), which tolls the statute of limitations during the time in which a "properly filed application for State post-conviction or other collateral review . . . is pending," applies. A state habeas petition does not delay the start of the limitation period; rather, the period starts running when the state judgment becomes final, but the clock is stopped when a

---

[2] July 8, 2018 was a Sunday.
[3] May 25, 2019 was a Saturday.

state habeas proceeding is properly filed. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). When the state habeas is no longer pending, the clock starts running again, picking up where it left off; it does not start anew. Id. at 328. However, statutory tolling does not apply in this case because Compton did not file a state habeas petition challenging his 2018 and 2019 revocation judgments.

Equitable tolling refers to the narrow exception to the statute of limitations if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. Holland v. Florida, 560 U.S. 631, 636, 649 (2010). The court need not address diligence because petitioner cannot satisfy the extraordinary circumstances requirement. The only reason offered for the late filing of his federal habeas petition is that he did not how to file. However, ignorance of the law is not an extraordinary circumstance nor a basis for equitable tolling, even when a litigant is representing himself. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Because Compton has not shown the existence of extraordinary circumstances that prevented him from filing his petition within the statute of limitations, equitable tolling is not available to him.

Finally, to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," the Supreme Court recognized the "actual innocence" exception to the statute of limitations. Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). The actual innocence exception allows a petitioner to move forward with an untimely or procedurally defaulted constitutional claim if the petitioner has credible, reliable evidence, not available at trial, which when considered with all the evidence in the case, makes it more likely than not that a reasonable

juror could not convict him beyond a reasonable doubt. Id. at 327. Regarding the 2018 revocation, petitioner does not assert actual innocence. To the extent that petitioner does contest the 2019 revocation, he does not provide any evidence, reliable or otherwise, in support of his assertions.

Compton's petition as it relates to the 2018 and 2019 revocation is untimely and not saved by any of the exceptions. It is therefore time-barred.

### B. May 2021 Revocation Order

With regard to the 2021 revocation order, petitioner alleges that his violation was wrongful because it was based on his being convicted and sentenced to another offense that resulted from "being force[d] by intimidation to plea to unlawful charges." Habeas Pet., ECF No. 1, at 7. Respondent argues that Compton's petition as to this matter must be dismissed because Compton did not exhaust his state court remedies. The court agrees. Petitioner appealed the state circuit court's order, which the Virginia Court of Appeals affirmed. Compton v. Commonwealth, Record No. 0751-21-3 (Va. Ct. App. Nov. 17, 2021) ("Having reviewed the record, we hold that the active sentence the trial court imposed represents a proper exercise of discretion."). As discussed above, see Section II, to properly exhaust his state remedies, he would have needed to appeal that decision to the Supreme Court of Virginia, the state's highest court, within thirty days pursuant to that court's rules. Va. R. Sup. Ct. 5:14. Because the thirty-day deadline has expired, petitioner has defaulted on his claim. Accordingly, his claim is deemed simultaneously exhausted and defaulted. This court can consider his claim on this issue only if he can show cause for his failure to exhaust the claims and actual prejudice, which he has not done.

7

## IV. Ineffective Assistance of Counsel

Compton's petition next raises issues related to his attorneys during his revocations. He states that his attorney was not present at the 2021 revocation and that his attorney has refused to appeal. Habeas Pet., ECF No. 1, at 5–9. Despite the transcript of the May 10, 2021, revocation hearing indicating that he was represented by his counsel, Gregory Casker, at that hearing, Compton alleges that the attorney present at the 2021 revocation hearing did not look like Casker, and that someone else was present at the revocation. Id. at 2–8. It is worth noting that the transcript of the May 10, 2021, Pittsylvania County revocation proceeding does not contain any objection by Compton that he was represented at that hearing by an unknown lawyer. Revocation Hr'g. Tr, ECF No. 13-7. Compton both testified and allocuted at the May 10, 2021, revocation hearing, and at no point raised any concern that the lawyer representing him was not Gregory Casker. Indeed, during his allocution, Compton referred to his counsel as "Mr. Casker." Id. at 38.

Respondent argues that the ineffective assistance of counsel claims should be dismissed because petitioner has procedurally defaulted on his claims. Petitioner's direct appeal process has concluded, and he would be unable to file these claims in state habeas corpus because his time to file a petition has expired, Va. Code § 8.01-654(A)(2). His ineffective assistance of counsel claims are therefore considered simultaneously exhausted and defaulted. See O'Sullivan, 526 U.S. 842 (holding that to exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek habeas relief). Therefore, this court cannot review these claims unless petitioner can show

both cause for the default and actual prejudice from the claimed federal violation. Coleman, 501 U.S. at 750.

Under Martinez v. Ryan, 566 U.S. 1, (2012), a federal habeas petitioner may satisfy the "cause" requirement of an otherwise procedurally defaulted claim of ineffective assistance if: (1) the ineffective assistance claim is a "substantial" one; (2) the "cause" for default "consists of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding." Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014). A "substantial" claim is one that has merit. Martinez, 566 U.S. at 14.

Petitioner's claims fail on the first requirement. The ineffective assistance claim that petitioner's attorney was not present at his 2021 revocation is not "substantial" for two reasons.

First, the transcript of the May 10, 2021, Pittsylvania County revocation hearing indicates that Compton was, in fact, represented by counsel, Gregory Casker, at that hearing. As the transcript reveals, at the outset of the hearing, Casker advised the court that he believed that it was not in his client's best interest to go forward at that time with the revocation proceeding because Compton had additional felony charges pending in Franklin County. Despite this advice, the record reflects that Compton chose to go proceed with the revocation hearing. Revocation Hr'g. Tr., ECF No. 13-7, at 3–5.

9

Second, during his testimony at the revocation hearing, Compton admitted that while on state probation, he committed another crime as reflected in his guilty plea to larceny–third offense in Campbell County Circuit Court for which he received a three-month active sentence. Id. at 19. As such, there is no basis for Compton's claim of ineffective assistance of counsel at the May 10, 2021, revocation proceeding as he chose to go forward with the hearing despite his lawyer's advice and admitted that he was in violation of the terms of his probation by committing other crimes while on probation.

Compton also claims ineffective assistance of counsel because his attorney refused to appeal his May 10, 2021, probation revocation. However, the record reflects that an appeal was filed which the Virginia Court of Appeals addressed in its per curiam decision rendered on November 17, 2021. In affirming Compton's revocation, the Virginia Court of Appeals stated that "[t]he record establishes that the trial court had sufficient cause to revoke appellant's suspended sentences. Indeed, appellant conceded that he had violated the terms and conditions of his previously suspended sentences when he incurred new convictions. . . . Having reviewed the record, we hold that the active sentence the trial court imposed represents a proper exercise of discretion." Mem. Op., ECF No. 13-6, at 4–5.

In short, given Compton's admission that he violated the terms of his state probation by committing new crimes, there is no basis for his claim of ineffective assistance of counsel, either before the Pittsylvania County Circuit Court or the Virginia Court of Appeals as regards the May 10, 2021, probation revocation.

## VI. Conclusion

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzales v. Thaler, 565 U.S. 134, 140–41 (2012). Compton has not made such showings in this case.

Because Compton's claims are time-barred and procedurally defaulted and there is no basis for an ineffective assistance of counsel claim, the court will grant respondent's motion to dismiss, dismiss the petition for a writ of habeas corpus, and deny a certificate of appealability. An appropriate order will be issued to reflect the ruling.

It is so **ORDERED**.

Entered: March 28, 2023

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.03.28 16:10:45 -04'00'

Michael F. Urbanski
Chief United States District Judge